IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:91-CR-70099 |
| v. | ) |
| | ) |
| RICKY JEROME ROBINSON, | ) |
| | ) By: Michael F. Urbanski |
| Defendant | ) Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Ricky Jerome Robinson's pro se motion for termination of supervised release. ECF No. 5. For the reasons stated below, the court **GRANTS** Robinson's motion.

Nearly thirty years ago, on October 19, 1992, Robinson pleaded guilty to Murder in the Second Degree in violation of 18 U.S.C. § 1111 (Count One) and Use of a Firearm During a Violent Crime in violation of 18 U.S.C. § 924(c) (Count Two). Indictment, ECF No. 1; Plea Agreement, ECF No. 2. On June 15, 1993 Robinson was sentenced to a term of 360 months in the Bureau of Prisons ("BOP"), comprised of 300 months on Count One and 60 months Count Two, to run consecutively. Jmt., ECF No. 3 at 2. His sentence also included a term of supervised release, set forth as "Five (5) yrs (Ct. 1 – 2 yrs; Ct. 2 -3 yrs; to run concurrently)." Id. at 3. Robinson was released from prison to begin serving his term of supervised release on March 23, 2018 and has completed more than 3 years of the term without incident. As a result, Robinson maintains that his court-ordered period of supervision has ended.

The language setting out Robinson's term of Supervised Release is internally inconsistent. While the beginning of the term is described as "Five (5)" years, the parenthetical

1

information states that the term is comprised of 2 years on Count One and 3 years on Count Two, "to run concurrently." At first blush, it appears that either the description of the term as "Five (5)" years is a mistake, or the statement that the terms on the counts were to run concurrently is a mistake. The court attempted to find the sentencing transcript in this case, but due to the age of the case, the transcript could be neither found nor reproduced. Nor was the Plea Agreement helpful, as it reads that Robinson agreed to be imprisoned for any term of years or for life, "plus a period of supervised release." Plea Agreement, ECF No. 2 at 1.

Robinson asserts that the term of supervised release is 3 years which he has successfully completed. The government counters that the notation that the supervised release sentences were "to run concurrently" was a scrivener's error and that the court meant to order Robinson to serve a total of 5 years of supervised release.

According to the Pre-Sentence Investigation Report ("PSR") filed in Robinson's case, if a term of imprisonment was imposed for Count One, a statutory term of supervised release of not more than 5 years could also be imposed. 18 U.S.C. § 3583(b)(1). If a term of imprisonment was imposed for Count Two, a term of supervised release of not more than 3 years could also be imposed. 18 U.S.C. § 3583(b)(2). PSR ¶ 54, ECF No. 6 at 11. The PSR added "Such terms of supervised release run concurrently. 18 U.S.C. § 3624(e)." Id.

Regarding the Guidelines, the PSR states that the guideline range for supervised release on Count One was at least 3 but not more than 5 years pursuant to 5D1.2(b)(1). The guideline range for Count Two was 2-3 years for a Class D felony, pursuant to 5D1.2(b)(2). Id.

The PSR is correct that § 3624(e) states that the statutory terms of supervised release imposed on different counts must run concurrently:

The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.

18 U.S.C. § 3624(e).

Most courts that have looked at the issue have determined that the statute requires that multiple terms of supervised release run concurrently. See United States v. Fudge, 592 F. App'x 86, 92 (3rd Cir. 2014) (citing United States v. Dees, 467 F.3d 847, 851 (3d Cir. 2006)) (consecutive terms of supervised release are improper because 18 U.S.C. § 3624(e) mandates multiple terms of supervised release run concurrently); United States v. Malcolm Johnson, 259 F. App'x 611, 612 (4th Cir. 2007) (finding district court's decision to run 3 terms of supervised release consecutively was contrary to the mandate of 18 U.S.C. § 3624(e) (2000)); United States v. Keith Johnson, 138 F.3d 115, 118 (4th Cir. 1998) (stating in dicta that the plain language of § 3524(e) requires terms of supervised release to run concurrently); United States v. Hernandez-Guevara, 162 F.3d 863, 878 (5th Cir. 1998) (citing U.S. Sentencing Guidelines Manual § 5G1.3(c) (1997) and § 5G1.2 commentary) ("Even when federal law requires consecutive terms of imprisonment, the supervised release term 'is to run concurrently with any other term of supervised release.'"); United States v. Gullickson, 982 F.2d 1231, 1236 (8th Cir. 1993) ("Despite some judicial authority to the contrary,[1] we believe [18 U.S.C. § 3624(e)

---

[1] The court in Gullickson, 982 F.2d at 1236 n.1, noted the following:
A number of other courts have imposed consecutive terms of supervised release without discussion of the issue. United States v. Bakhtiari, 729 F.Supp. 11, 13 n. 1 (S.D.N.Y.1989), aff'd, 913 F.2d 1053 (2d Cir.1990), cert. denied, 499 U.S. 924, 111 S.Ct. 1319, 113 L.Ed.2d 252 (1991); see also United States v. Torres, 901 F.2d 205, 248–51 (2d Cir.) (same result without discussion), cert. denied, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990); United States v. Gordon, 901 F.2d 48, 49 (5th Cir.) (same result without discussion), cert. denied, 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990). The Tenth Circuit in United States v. Maxwell, 966 F.2d 545, 551 (10th Cir.1992), cert. denied, 506 U.S. 1039, 113 S.Ct. 826, 121 L.Ed.2d 697

3

(1988)] unambiguously states that terms of supervised release on multiple convictions are to run concurrently."); United States v. Tilghman, No. 07-CR-138-KSF, No. 10-CV-7143-KSF, 2013 WL 4735578, *13 (E.D. Ky. Sept. 3, 2013) (finding § 3624(e) "completely bars the sentencing of defendants to consecutive terms of supervised release.")

The weight of authority indicates that it would have been error for the sentencing court to order Robinson to serve consecutive terms of supervised release. Therefore, the court cannot conclude that the sentencing court intended for the 3-year term of supervised release and the 2-year term of supervised release to run consecutively. Rather, the law requires that such terms be run concurrently. While this conclusion still does not square with the notation of "Five (5) years," to read the 5-year term to be a combination of the 3- and 2-year terms running consecutively would be contrary to the plain language of § 3624(e). Something in the judgment is amiss,[2] but in the absence of a means to clarify the intent of the sentencing court, the most prudent course is to read the judgment as requiring Robinson to serve a 3-year term of supervised release.

The government also argues that Robinson's motion for early termination should not be granted because of the violent nature of the underlying crime and also that it is in Robinson's best interest to continue serving a term of supervised release to aid him in his transition to the community. The court sought input from the United States Probation Officer

---

(1992), considered the issue and affirmed consecutive terms of supervised release, without citing section 3624(e).

[2] It is possible that the court intended for Count One to carry a 5-year, rather than 2-year, term of supervised release. That would be consistent with both the "Five (5) years" notation and also with the terms running concurrently. But the judgment states that the term of supervised release on Count One is 2 years and Count Two is 3 years. There is simply no way to read the supervised release term in a manner that makes it internally consistent.

4

who supervises Robinson. The officer responded that Robinson has not violated the terms of supervised release and remains polite, cooperative, and easy to manage. The officer did not believe that continued supervision would provide Robinson with any benefit other than periodic monitoring.

In this unusual case, the court is constrained to conclude that to continue the period of supervised release would violate 18 U.S.C. § 3624(e). In the alternative, the court finds that termination of Robinson's term of supervised release is in keeping with 18 U.S.C. § 3583(e), which allows a court to terminate supervised release after a defendant has served one year, if the court is satisfied that such action is warranted by the conduct of the defendant and in the interest of justice. As the probation officer reports, Robinson has done well for more than three years. The officer reports that Robinson has received a good deal of assistance at his current structured living arrangement and has thrived there. Robinson remains hopeful that he will secure alternative employment. Accordingly, Robinson's request for termination of supervised release is **GRANTED**.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: June 21, 2021

Michael F. Urbanski
Chief United States District Judge